United States Court of Appeals

Fifth Circuit

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-41601
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS ARQUIMEDES-PORTILLO, also known as Luis Portillo,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(03-CR-249)

Before SMITH, DENNIS, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:[*]

Luis Arquimedes-Portillo ("Portillo") was indicted for and pleaded guilty to being unlawfully present in the United States following deportation under 8 U.S.C. § 1326. At sentencing, the district court applied a 16-level "crime of violence" enhancement for Portillo's 1992 New York conviction for first degree rape and sentenced him to the bottom of the applicable Guidelines range: 46 months of imprisonment and 2 years of supervised release.

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

On appeal, Portillo challenges his conviction by arguing that the "felony" and "aggravated felony" provisions contained in 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Portillo concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, he argues that *Almendarez-Torres* has been cast into doubt by *Apprendi* and raises this issue to preserve it for Supreme Court review.

Sections 1326(b)(1) and (b)(2) set forth enhanced criminal penalties for aliens who were previously removed after committing a felony or an aggravated felony. In *Almendarez-Torres*, the Supreme Court held that § 1326(b)(2)'s enhancement provision is a sentencing factor and not a separate criminal offense that must be alleged in the indictment. 523 U.S. at 235. *Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000). Because we must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it," *Hopwood v. Texas*, 84 F.3d 720, 722 (5th Cir. 1996), we affirm Portillo's conviction.

Portillo also argues that the district court's mandatory application of the Sentencing Guidelines is reversible error under *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738 (2005). Because Portillo did not raise this objection to his

2

sentence in the district court, it is subject to plain error review. *United States v. Mares*, 402 F.3d 511, 520-21 (5th Cir. 2005).

An appellant may demonstrate plain error if he shows "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002)). If all three conditions are met, then we may exercise our discretion to notice the error only if it also "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

"It is clear after *Booker* that application of the Guidelines in their mandatory form constitutes error that is plain." *United States v. Valenzuela-Quevedo*, --- F.3d ----, No. 03-41754, 2005 WL 941353, at *4 (5th Cir. Apr. 25, 2005). Therefore, the first two requirements of the plain error test are met. The third prong of the test, however, is not satisfied in this case. To demonstrate that his substantial rights have been affected, Portillo must show that the district court's error affected the outcome of the proceedings. *United States v. Olano*, 507 U.S. 725, 734-35 (1993). To meet that burden, Portillo must show "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." *United States v. Infante,* 404 F.3d

3

376, 395 (5th Cir. 2005).

Portillo contends that the district court's imposition of the minimum available sentence, especially in light of the vileness of his prior crime, demonstrates a probability that the court would have imposed a lower sentence had it not been constrained by the mandatory provisions in the Guidelines. However, the transcript of the sentencing hearing reveals why the judge sentenced Portillo to only 46 months: "The reasons that I have chosen this sentence within the guidelines is because there was a recommendation of a sentence at the low end of the guidelines in this case. It's part of the plea bargain agreement." Neither these remarks, nor anything else in the record, indicate that the judge would have imposed a more lenient sentence under an advisory regime. Portillo's substantial rights, therefore, have not been affected, and he has failed to show plain error.

For the foregoing reasons, we AFFIRM Portillo's conviction and sentence.

AFFIRMED.