United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20474
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRUZ MARTINEZ-CANTU,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-454-1
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cruz Martinez-Cantu (Martinez) appeals his guilty-plea conviction and sentence for illegally reentering the United States after deportation. He argues for the first time on appeal that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Martinez acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review.  Apprendi did not overrule Almendarez-Torres.  See

Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d

979, 984 (5th Cir. 2000).

Also for the first time on appeal, Martinez argues that the

district court erred in imposing a sentence under a mandatory

guideline scheme, in violation of United States v. Booker, 125

S. Ct. 738, 756-57 (2005).  Because he did not raise this issue

in the district court, this court reviews the argument for plain

error.  See United States v. Valenzuela-Quevedo, 407 F.3d 728,

732-33 (5th Cir. 2005).  Martinez makes no showing, as required

by Valenzuela-Quevedo, that the district court would likely have

sentenced him differently under an advisory sentencing scheme.

See id. at 733-34.  Similarly, there is no indication from the

court's remarks at sentencing that the court would have imposed a

sentence below the appropriate guideline range.  Thus, Martinez

has not met his burden to show that the district court's

imposition of a sentence under a mandatory guideline scheme was

plain error.  See id.; see also United States v. Olano, 507 U.S.

725, 732-35 (1993).  Accordingly, Martinez's conviction and

sentence are AFFIRMED.