United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30535
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMOND JERED FOBBS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-20067-2
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Demond Jered Fobbs pleaded guilty to conspiracy to distribute cocaine base and was sentenced as a career offender to a 300-month term of imprisonment. Fobbs argues on appeal that his enhanced sentence is unconstitutional in light of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). We review this argument for plain error because Fobbs did not make a Sixth Amendment objection in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court.  United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

As Fobbs does not suggest that his sentence was enhanced based on any fact other than a prior conviction, he has not shown that his sentence violates Booker or the Sixth Amendment.  See Booker, 125 S. Ct. at 750, 769.  We agree with Fobbs that the district court erred when it sentenced him pursuant to a mandatory guidelines system.  Id. at 750, 768-69.  Nevertheless, as the record does not suggest in any way that the district court would have imposed a different sentence had it been aware that the sentencing guidelines are merely advisory, Fobbs has not met his burden of establishing plain error.  United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005).

AFFIRMED.