United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40641
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO PALACIOS-PINERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-191-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Gustavo Palacios-Pinero (Palacios) appeals the sentence following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. For the first time on appeal, he argues that the district court erred in imposing a sentence under a mandatory guideline scheme, in violation of United States v. Booker, 125 S. Ct. 738, 756-57 (2005). Because Palacios did not raise this issue in the district court, this court reviews the argument for plain error.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir. 2005).  Thus, Palacios must show:  (1) an error; (2) that is clear or plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of his judicial proceedings.  <u>United States v. Olano</u>, 507 U.S. 725, 732-35 (1993).

Palacios argues that sentencing him under a mandatory guideline scheme constitutes plain error.  He makes no showing, as required by <u>Valenzuela-Quevedo</u>, that the district court would likely have sentenced him differently under an advisory sentencing scheme.  See <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34.  Similarly, there is no indication from the court's remarks at sentencing that the court would have reached a different conclusion.  Thus, Palacios has not met his burden to show that the district court's imposition of a sentence under a mandatory guideline scheme was plain error.  <u>See</u> <u>id.</u>  Accordingly, Palacios's sentence is AFFIRMED.