United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41631
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LORENZO J. VILLASENOR,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-548-ALL
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Lorenzo J. Villasenor appeals the sentence imposed following
his guilty-plea conviction for possession with the intent to
distribute 66.25 kilograms of marijuana, in violation of
21 U.S.C. § 841(a)(1) and (b)(1)(C).  Finding no error, we
affirm.

    Villasenor first argues that, in light of United States v.
Booker, 125 S. Ct. 738 (2005), the district court erred in
imposing a sentence utilizing the Sentencing Guidelines as

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory. As Villasenor did not preserve this issue, we review only for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Malveaux, __F.3d__, No. 03-41618, 2005 WL 1320362 (5th Cir. Apr. 11, 2005). Application of the Guidelines as mandatory, even absent a Sixth Amendment violation as is the case here, is plain or obvious error after Booker. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733-34 (5th Cir. 2005). However, Villasenor cannot show that the error affected his substantial rights because the record does not indicate that the district court would have imposed a lower sentence under an advisory, rather than a mandatory, Guidelines scheme. See id.

Villasenor's second argument, that 21 U.S.C. § 841 is unconstitutional, is foreclosed by United States v. Slaughter, 238 F.3d 580 (5th Cir. 2000). Villasenor concedes this point, but raises it to preserve the matter for further review.

AFFIRMED.