United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50452
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VICENTE ROCHA-HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-646-ALL-HLH
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Vicente Rocha-Hernandez appeals the sentence imposed
following his guilty plea conviction for illegal reentry into
the United States following deportation.  Rocha-Hernandez was
sentenced to a term of imprisonment of 57 months to be followed
by three years of non-reporting supervised release.

     Rocha-Hernandez argues for the first time on appeal that in
light of United States v. Booker, 125 S. Ct. 738 (2005), the
district court plainly erred in sentencing him under a mandatory

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guideline system based on facts that were not admitted by Rocha or found by a jury.  He contends that the district court's comments at sentencing indicate that it would have imposed a different sentence if it had sentenced him under an advisory guideline scheme.

Rocha's claim that the district court plainly erred by enhancing his sentence based on facts not determined by a jury and which he did not admit is unavailing because he failed to show that "the sentencing judge--sentencing under an advisory scheme rather then a mandatory one--would have reached a significantly different result."  See United States v. Mares, 402 F.3d 511, 520-522 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  His argument that the district court's application of the guidelines as mandatory was error also fails because he did not show that the district court would have imposed a different sentence had the guidelines been advisory only.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-34 (5th Cir. 2005).

Rocha concedes that the issue whether his sentence under 8 U.S.C. § 1326(b)(1) & (b)(2) was rendered unconstitutional by Apprendi v. New Jersey, 530 U.S. 466 (2000), and subsequent Supreme Court precedent is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and he raises it solely to preserve it for further review by the Supreme Court.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at

489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). We therefore must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotations and citation omitted).

AFFIRMED.