United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51002
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS GOMEZ-GARCIA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-62-1-AML
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Gomez-Garcia appeals his sentence imposed following his guilty plea to illegal reentry after deportation. He was sentenced to 77 months of imprisonment and three years of supervised release. Gomez-Garcia argues that his sentence is illegal pursuant to United States v. Booker, 125 S. Ct. 738 (2005). Gomez-Garcia has not established plain error with regard to his Booker claim because he has not established that being sentenced under a mandatory guidelines scheme affected his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial rights.  The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the guidelines were advisory only.  See United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 733-34 (5th Cir. 2005); United States v. Malveaux, __F.3d__, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005).

Gomez-Garcia also asserts that, under the reasoning of Apprendi v. New Jersey, 530 U.S. 466 (2000), 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction as an element of the offense rather than a sentence enhancement.  As Gomez-Garcia concedes, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for possible Supreme Court review.  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, the district court's judgment is AFFIRMED.