United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

03-41754
_____

UNITED STATES OF AMERICA

                Plaintiff - Appellee

      v.

RENE VALENZUELA-QUEVEDO

                Defendant - Appellant
            _____

      Appeal from the United States District Court
          for the Southern District of Texas
            _____

Before HIGGINBOTHAM, SMITH, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

      Appellant Rene Valenzuela-Quevedo appeals his conviction and sentence for possession with intent to distribute a controlled substance and conspiracy. For the reasons discussed below, we affirm the district court's judgment.

## I.  Background

      In September of 2002, Valenzuela-Quevedo was indicted for one count of possession with intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and conspiracy to violate those statutes. Valenzuela-Quevedo pled guilty.  During sentencing, the district court determined that Valenzuela-Quevedo was a "career offender" for

1

purposes of the United States Sentencing Guidelines because Valenzuela-Quevedo had a prior drug-related conviction and a prior violent felony conviction. *See* U.S.S.G. § 4B1.1(a).

During sentencing, Valenzuela-Quevedo objected to his designation as a career offender. He argued that his prior Utah conviction, one of the convictions on which the district court relied in designating him a career offender, was not a crime of violence for purposes of § 4B1.1 and therefore not relevant to a determination of his career offender status.

Valenzuela-Quevedo's prior Utah conviction was for one count of discharging a firearm from a vehicle. Following the language of the applicable statute, *see* Utah Code Ann. § 76-10-508, the information specifically charged in Count 1 that he

> did discharge a dangerous weapon or firearm from an automobile or other vehicle, from, upon, or across a highway, in the direction of any person or persons, knowing or having reason to believe that any person may be endangered; and/or with intent to intimidate or harass another, did discharge a dangerous weapon or firearm from an automobile or other vehicle, from, upon, or across a highway, in the direction of any vehicle.

Valenzuela-Quevedo had pled guilty to the charges.

Finding the prior Utah conviction to be a crime of violence, the district court designated Valenzuela-Quevedo a career offender. Thus, under U.S.S.G. § 4B1.1, the appropriate base offense level was 37, and the appropriate criminal history category was VI, which resulted in a penalty range of 262 to 327 months imprisonment. The district court denied Valenzuela-

Quevedo's motion for a downward departure based on an over-represented criminal history but applied a downward departure of three points for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a) & (b).

## II.  Discussion

Valenzuela-Quevedo challenges his conviction and sentence on three grounds.  First, he argues that  21 U.S.C. § 841(a) and (b), under which he was convicted, are unconstitutional. Second, he claims that the district court erred in sentencing him as a career offender.  Finally, he challenges his U.S. Sentencing Guidelines-imposed sentence based on *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738 (2005).  We treat each in turn.

### *A.   Constitutionality of 21 U.S.C. § 841*

For the first time on appeal, Valenzuela-Quevedo claims that the provisions found at 21 U.S.C. § 841(a) and (b) are facially unconstitutional.  He asserts that the drug type and quantity gradations of § 841(b) are to be viewed as sentencing factors rather than as elements of a separate offense.  He claims that, as such, they are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Valenzuela-Quevedo correctly acknowledges that we rejected this very argument in *United States v. Slaughter*, 238 F.3d 580 (5th Cir. 2000), where we treated the gradations as elements of the crime.  There, we upheld a sentence where the drug type and quantity had been charged and found by a

3

jury as elements of the crime. Here, the drug type and amount were charged in the indictment and admitted by the defendant. Thus, Valenzuela-Quevedo's sentence was properly based on the gradations provided for in § 841(b).

### B. Applicability of Career Offender Status

Next, Valenzuela-Quevedo claims that the district court erred in concluding that his prior Utah conviction was a crime of violence for purposes of § 4B1.1 of the U.S. Sentencing Guidelines. Consequently, he argues, he cannot be designated a career offender.

This Court reviews de novo a district court's interpretation and application of the Sentencing Guidelines. *United States v. Charles*, 301 F.3d 309, 312-13 (5th Cir. 2002) (en banc).[1]

Section 4B1.1 of the United States Sentencing Guidelines provides that a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

The parties do not dispute that Valenzuela-Quevedo was over

---

[1] While the Supreme Court's recent opinion in *Booker*, 125 S.Ct. 738, alters the mandatory nature of the guidelines, it does not affect our standard of review for legal questions. *See United States v. Villegas*, --- F.3d ----, 2005 WL 627963 (Mar. 17 2005).

18 when he committed the instant offense, that the instant offense (possession with intent to distribute over 1,000 kilograms of marihuana) is a felony, nor that Valenzuela-Quevedo has a prior controlled substance felony offense. Thus, we must determine whether the prior Utah conviction is a crime of violence. We conclude that it is.

A crime of violence is any offense punishable by imprisonment for a term exceeding one year and "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Application Note 1 to § 4B1.2 advises that an offense may fulfill the requirements of § 4B1.2(a) if "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . ., by its nature, presented a serious potential risk of physical injury to another." Thus, "a categorical approach is taken to determine whether the charged count of conviction, by its nature, presented a serious potential risk of physical injury." *United States v. Insaulgarat*, 378 F.3d 456, 467 (5th Cir. 2004). We look only to the face of the indictment in deciding whether a crime presents a serious potential risk of injury to a person. *Charles*, 301 F.3d at 314. Injury need not be certain, but "it must be clear from the indictment that the crime itself or the conduct specifically

5

charged posed this serious potential risk." *Id.*

The information sets forth two alternative ways in which Valenzuela-Quevedo may have violated the Utah statute. Either he (1) discharged a weapon from a vehicle in the direction of any person, or he (2) "with intent to intimidate or harass another, did discharge a dangerous weapon or firearm from an automobile or other vehicle, from, upon, or across a highway, in the direction of any vehicle." Where the defendant's actual conduct is not clear from the face of the charging document, we proceed "under the assumption that his conduct constituted the least culpable act satisfying the count of conviction." *United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004). Here, then, we assume that Valenzuela-Quevedo violated the Utah statute by the latter alternative mentioned in the information.

We agree with the district court that such behavior poses "a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). Firing a weapon from, on, or across a highway at another is a dangerous activity, especially when the motivation for the act is a desire to intimidate or harass. Of course, such activity risks the life of any person occupying the vehicle at which the perpetrator fires. In addition to that risk, such an action endangers the lives of innocent bystanders and drivers, whose presence is likely given the public accessibility of highways. Moreover, even in a scenario where the perpetrator

6

believes that there are no bystanders present and that the vehicle at which he is firing is empty, it is ultimately impossible to know for certain whether a vehicle is unoccupied, especially when shooting from another vehicle as charged in Valenzuela-Quevedo's information. *Cf. United States v. Weinart*, 1 F.3d 889, 891 (9th Cir. 1993) (finding that firing a weapon at an inhabited dwelling regardless of whether the residence was occupied was a violent crime because it presented a risk to neighbors, bystanders, and law enforcement authorities that might respond); *United States v. Cole*, 298 F.3d 659, 662 (7th Cir. 2002) (stating in dictum that "discharging a firearm is an inherently risky act").

## C. *Applicability of* Booker

Finally, in supplemental briefing, Valenzuela-Quevedo challenges the district court's use of the United States Sentencing Guidelines, which were found unconstitutional as mandatory guidelines in the Supreme Court's opinion in *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), issued during the pendency of this appeal. Because he did not raise this argument in the district court, we review this argument for plain error. *U.S. v. Mares,* --- F.3d ----, 2005 WL 503715 at *1 (5th Cir. Mar. 4, 2005). Under that standard of review, we may reverse only if the appellant demonstrates "(1) error, (2)that is plain, and (3) that affects substantial

7

rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (citation and internal quotation marks omitted). "If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotations marks omitted).

We first address whether there was error.  In *Mares*, we found error in "the imposition of a sentence, which was enhanced by using judge found facts, not admitted by the defendant or found by the jury, in a mandatory Guideline system."  2005 WL 503715 at *9. The case at bar does not present such a scenario. Valenzuela-Quevedo's sentence was based entirely, with the exception of a downward adjustment for acceptance of responsibility requested by Valenzuela-Quevedo himself, on facts admitted by him and on the existence of prior convictions. *Booker*, 125 S.Ct. at 756 ("[W]e reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.")  Consequently, Valenzuela-Quevedo's Sixth Amendment rights were not violated.

Valenzuela-Quevedo argues instead that a sentence imposed

8

under the mandatory Guidelines system is erroneous under the new post-*Booker* sentencing regime. He bases this on the Supreme Court's rejection of a remedy that would leave the Guidelines mandatory in any case where they would result in a Sixth Amendment violation but advisory in all other cases. *See Booker*, 125 S.Ct. at 768 ("Such a two-system proposal seems unlikely to further Congress' basic objective of promoting uniformity in sentencing.") In other words, according to Valenzuela-Quevedo, his sentence under the Guidelines is erroneous if the district court imposed that sentence under the mistaken belief that it was required to impose the Guidelines sentence. It is clear after *Booker* that application of the Guidelines in their mandatory form constitutes error that is plain. *See id.* at 769 (finding no Sixth Amendment violation in respondent Fanfan's sentence but nonetheless vacating the sentence and remanding because "both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act" are to be applied to all cases on direct review"); *Johnson v. United States*, 520 U.S. 461, 468 (1997)(holding it is enough that error be plain at the time of appellate review). However, Valenzuela-Quevedo has not shown that his substantial rights have been affected.

The third prong requires the defendant to establish that the error "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). The error must

9

"demonstrate a probability 'sufficient to undermine confidence in the outcome.'" *Mares*, 2005 WL 503715 at *8* (quoting *United States v. Dominguez Benitez*, --- U.S. ----, ----, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004)).

Here, Valenzuela-Quevedo has not made such a showing. While he has highlighted instances in which the district court prompted Valenzuela-Quevedo to help the government apprehend others involved in the crime and thereby lower his sentence, a review of the record does not support the contention that the district judge would have imposed a different sentence. In the sentencing hearing transcripts, we find evidence to the contrary. The district judge explicitly stated that Valenzuela-Quevedo had not learned from his prior mistakes; indicated he felt that one of Valenzuela-Quevedo's prior sentences was an inadequate penalty in light of the fact that somebody had been killed in connection with that prior offense; discussed with disapproval Valenzuela-Quevedo's criminal record, which included ten prior convictions; and evinced approval of the applicability of the career offender designation in this case. Because Valenzuela-Quevedo has not met his burden of establishing prejudice, he has not fulfilled the requirements to show plain error.

## III. Conclusion

Accordingly, we AFFIRM Valenzuela-Quevedo's conviction and sentence.

10