United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40561
consolidated with
No. 04-40582
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKEAL GLEN STINE,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CR-44-2
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

In an opinion of January 12, 2005, this court affirmed the conviction and sentence of Mikeal Glen Stine for aiding and abetting bank robbery and conspiracy to commit bank robbery. We withdrew that opinion for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005), which held that the federal sentencing guidelines are now advisory rather than mandatory.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Having now considered the supplemental briefs filed by the parties, we reinstate the entirety of the January 12, 2005 opinion and add the following:

Stine contends that his sentence is invalid in light of Booker because the sentencing judge applied the sentencing guidelines as if they were mandatory. Because Stine did not raise this issue in the district court, we review it only for plain error. United States v. Valenzuela-Quevedo, ___F.3d___, No. 03-41754, 2005 WL 941353, *3 (5th Cir. 2005). To prevail under a plain error analysis, Stine must show, among other things, that the error prejudiced him by adversely affecting his substantial rights. Id. at *3-*4.

Stine fails to identify anything in the record to suggest that his sentence would have been any less had the court applied the sentencing guidelines as advisory rather than mandatory. See id. at *4. He thus fails to establish prejudice to his substantial rights. See id.

The judgment of the district court is AFFIRMED.