United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50415
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE ESPINOZA-GAMEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-720-ALL-AML
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Espinoza-Gamez (Espinoza-Gamez) appeals his guilty plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326.

For the first time on appeal, Espinoza-Gamez contends that the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence based on facts that were neither admitted by him nor found by a jury beyond a reasonable doubt. Because Espinoza-Gamez did not object on this basis in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court, this court's review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

The district court erred when it sentenced Espinoza-Gamez pursuant to the mandatory guideline system held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Valenzuela-Quevedo, ___ F.3d ___, No. 03-41754, 2005 WL 941353, at *4 (5th Cir. Apr. 25, 2005) ("It is clear after Booker that application of the Guidelines in their mandatory form constitutes error that is plain."). However, Espinoza-Gamez has failed to point to any evidence in the record indicating that the same sentence would not have been imposed had the district court known that the Sentencing Guidelines were advisory. The record itself gives no indication that the district court would have reached a different result under an advisory guidelines system. Although the district court sentenced Espinoza-Gamez at the lowest end of the guideline range, it found no reason to depart from that range. Given the lack of evidence indicating that the district court would have reached a different conclusion, Espinoza-Gamez has not demonstrated that his substantial rights were affected, and, thus, he has failed to establish plain error. See Mares, 402 F.3d at 520-22.

Espinoza-Gamez also contends that his sentence violated due process because it exceeded the statutory maximum for the charged offense. Specifically, he argues that because a prior qualifying

conviction was not alleged in the indictment, he was subject to a statutory maximum of two years of imprisonment under 18 U.S.C. § 1326(a). He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for possible Supreme Court review. As Espinoza-Gamez concedes, this issue is foreclosed. See Almendarez-Torres, 523 U.S. at 247; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Accordingly, the district court's judgment is AFFIRMED.