United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51231
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO JIMENEZ-GANDARA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1408-ALL
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Jimenez-Gandara ("Jimenez") appeals his sentence for having been found in the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b). Jimenez contends that his sentence must be vacated in light of United States v. Booker, 125 S. Ct. 738 (2005), because the district court was under the mistaken impression that the Sentencing Guidelines were mandatory rather than advisory. He maintains

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that this was a "structural" error that affected the "framework" of the entire proceeding against him.

We review Jimenez's contention for plain error because he did not raise the issue in the district court. <u>United States v. Valenzuela-Quevedo</u>, ___ F.3d ___, No. 03-41754 (5th Cir. April 25, 2005), 2005 WL 941353, at *3 . We agree with Jimenez that the district court plainly erred when it sentenced him pursuant to a mandatory guidelines system. <u>See</u> <u>Booker</u>, 125 S. Ct. at 750, 768-69. Jimenez has not met his burden of establishing plain error, however, because the record does not suggest that the district judge would have imposed a different sentence had she been aware that the sentencing guidelines are merely advisory. <u>Valenzuela-Quevedo</u>, 2005 WL 941353, at **3-4.

AFFIRMED.