United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41388
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MARTIN VILLARREAL-GONSALEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-508-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Martin Villarreal-Gonsalez (Villarreal) appeals his

conviction and sentence for being an alien unlawfully present in

the United States after deportation following a prior aggravated

felony conviction.  8 U.S.C. § 1326 (a), (b).

    For the first time on appeal, Villarreal argues that the

district court erred in imposing a sentence under a mandatory

guideline scheme, in violation of United States v. Booker, 125

S. Ct. 738, 756-57 (2005).  Because Villarreal did not raise this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue in the district court, his argument is reviewed for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005). Villarreal makes no showing, as required by Valenzuela-Quevedo, that the district court would likely have sentenced him differently under an advisory sentencing scheme. Similarly, there is no indication from the district court's remarks at sentencing that it would have reached a different conclusion. Thus, Villarreal has not met his burden to show that the district court's imposition of a sentence under a mandatory guideline scheme was plain error. See Valenzuela-Quevedo, 407 F.3d at 733.

Villarreal also argues for the first time on appeal that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Villarreal acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.