United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11531
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN ARLEY POTTS, II,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-420-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alvin Arley Potts, II, appeals his sentence following his guilty-plea conviction for conspiracy to commit mail theft and identity theft. He was sentenced to 41 months in prison and a two-year supervised release term. Potts argues that his mandatory term of supervised release under the sentencing guidelines is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Potts did not raise this issue in the district court, this court reviews the argument for plain error. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005). Thus, Potts must show: (1) an error; (2) that is clear or plain; (3) that affects his substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of his judicial proceedings. United States v. Olano, 507 U.S. 725, 732-35 (1993).

Potts makes no showing that the district court would likely have sentenced him differently under the Booker advisory scheme. Similarly, there is no indication from the court's remarks at sentencing that the court would have reached a different conclusion. Thus, Potts has not demonstrated that his substantial rights were affected, and he has thus failed to carry his burden under plain-error review. See Mares, 402 F.3d at 521-22; Valenzuela-Quevedo, 407 F.3 at 733-34. Accordingly, Potts's sentence is AFFIRMED.