United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40872
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO ROSAS-DIAZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-252-1
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fernando Rosas-Diaz (Rosas) appeals his guilty-plea conviction and sentence for illegal reentry following deportation. Rosas contends that his sentence is invalid in light of United States v. Booker, 125 S. Ct. 738 (2005), because the sentencing judge applied the sentencing guidelines as if they were mandatory. Because Rosas did not raise this issue in the district court, we review it only for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005); see

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also United States v. Malveaux, ___F.3d___, No. 03-41618, 2005 WL 1320362 (5th Cir. Apr. 11, 2005). To prevail under a plain error analysis, Rosas must show, among other things, that the error prejudiced him by adversely affecting his substantial rights. Valenzuela-Quevedo, 407 F.3d at 733.

Rosas fails to identify anything in the record to suggest that his sentence would have been any less had the court applied the sentencing guidelines as advisory rather than mandatory. See id. at 733-34. He thus fails to establish prejudice to his substantial rights. See id.

Rosas argues pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), should be overruled. He concedes that his constitutional argument is foreclosed by Almendarez-Torres, and he raises it solely to preserve it for Supreme Court review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). The Supreme Court's recent decisions in Shepard v. United States, 125 S. Ct. 1254, 1262-63 & n.5 (2005), Booker, and Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), also did not overrule Almendarez-Torres. We must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.