United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50708
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO DELGADO-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-112-1-WWJ
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Gilberto Delgado-Ramirez appeals his sentence following his
guilty-plea conviction of illegal reentry, in violation of 8
U.S.C. § 1326(a) and (b)(2). The district court sentenced him to
27 months of imprisonment, three years of supervised release, and
a $100 special assessment.

Delgado-Ramirez argues that 8 U.S.C. § 1326(b)(2) is
unconstitutional under Apprendi v. New Jersey, 530 U.S. 466
(2000), because it does not require the fact of a prior

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Delgado-Ramirez concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and Almendarez-Torres was not overruled by Apprendi. See United States v. Sarmiento-Funes, 374 F.3d 336, 346 (5th Cir. 2004).

For the first time on appeal, Delgado-Ramirez argues that, under United States v. Booker, 125 S. Ct. 738 (2005), this court must vacate his sentence and remand for resentencing because the mandatory guideline regime was in place at the time of his sentencing. An unpreserved challenge to the computation of a defendant's sentence under the formerly mandatory sentencing guidelines is reviewed for plain error. United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

The district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain error analysis. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). Delgado-Ramirez must nevertheless show that the court's error affected his substantial rights. Id. To make such a showing, Delgado-Ramirez bears the burden of demonstrating "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." See Mares, 402 F.3d at 521. Delgado-Ramirez

has failed to make such a showing.  Accordingly, the judgment of the district court is AFFIRMED.