United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30698
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

PATRICIA FRASER BEDFORD; MELISSA BEDFORD BLALOCK,

                                    Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:01-CR-20136-1
USDC No. 2:01-CR-20136-2
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The defendants, Patricia Bedford and her daughter, Melissa Blalock, appeal their convictions and sentences after a jury convicted them on one count of conspiracy under 18 U.S.C. § 371 and 14 underlying counts of failure to refund federal education funds in violation of 20 U.S.C. § 1097(a).  The defendants operated a vocational school and failed to refund to the United States Department of Education federal student financial aid

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

funds that became refundable when certain students withdrew from the school.

The defendants contend that the evidence was insufficient to convict them. Because they failed to renew their motions for acquittal at the close of all the evidence, we review the evidence only to determine whether there was "a manifest miscarriage of justice." United States v. Green, 293 F.3d 886, 895 (5th Cir. 2002) (citation omitted). We review the direct and circumstantial evidence in the light most favorable to the verdict, and we accept all reasonable inferences and credibility choices in favor of the verdict. United States v. Griffin, 324 F.3d 330, 356 (5th Cir. 2003) (citation omitted). For there to be a manifest miscarriage of justice, "the record must be devoid of evidence of guilt or the evidence must be so tenuous that a conviction is shocking." United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004).

There was ample direct and circumstantial evidence that (1) the defendants acted in leadership positions at the school; (2) the shared with each other joint responsibilities and authority over financial matters, financial aid, and attendance records; (3) the school employed procedures for keeping the defendants timely informed of refunds due; (4) the defendants maintained an overall awareness of what was happening at the small school; (5) school records adequately reflected the students' attendance and financial aid balances; (6) the defendants retained federal funds

for their personal use; and (7) the defendants declined to make refunds on behalf of each student named in the indictment. Based on this evidence, the jury reasonably could have inferred that the defendants participated in a conspiracy, that they were aware of the need to refund money on behalf each student named in the indictment, and that they willfully and intentionally failed to pay refunds. See Griffin, 324 F.3d at 356-58. A guilty verdict on all counts based on the foregoing evidence is not a manifest miscarriage of justice.

The defendants contend that the district court abused its discretion by failing to instruct the jury that "maladministration of a business" was not a violation of 20 U.S.C. § 1097(a). The court accurately and adequately instructed the jury that the Government was required to prove that the defendants' failure to make refunds was willful and intentional, and the court's instruction permitted the jury to consider the defendants' theory that their failure to pay refunds was merely the result of poor finances and mistakes. See Bates v. United States, 522 U.S. 23, 25, 29-31 (1997). The district court did not abuse its discretion by declining to make the requested instruction.

The defendants contend that their sentences must be vacated because the district court applied the federal sentencing guidelines as if they were mandatory, in violation of United States v. Booker, 125 S. Ct. 738 (2005). This issue is reviewed

only for plain error because it was not raised in the district court.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005).  The application of mandatory guidelines was an error that was "plain."  See id. at 733.  However, the defendants failed to show that the error affected their substantial rights because they pointed to nothing in the record to suggest that the district court would have imposed lesser sentences under Booker's advisory guidelines scheme.  See id. at 733; United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517); see also United States v. Martinez-Lugo, __F.3d__, No. 04-40478, 2005 WL 1331282, *2 (5th Cir. June 7, 2005) (citing Mares and rejecting an assertion that application of mandatory guidelines is "structural error").  Accordingly, they fail to show "plain error."  See Valenzuela-Quevedo, 407 F.3d at 732-33.

The defendants' convictions and sentences are AFFIRMED.