United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40884
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO ORTA-GOMEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-107-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eduardo Orta-Gomez (Orta) appeals the sentence imposed following his guilty-plea conviction for illegal reentry following deportation. See 8 U.S.C. § 1326. He argues that the sentence enhancing provisions contained in 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional. This argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Apprendi v. New Jersey, 530 U.S. 466 (2000), did not overrule Almendarez-Torres. See

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). The Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), did not overrule Almendarez-Torres. See Booker, 125 S. Ct. at 756; Blakely, 124 S. Ct. at 2536-43. This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Orta argues that under Blakely, the enhancement of his sentence based on his prior conviction was error. In Blakely, the Supreme Court held that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of facts . . . admitted to by the defendant." Blakely, 124 S. Ct. at 2537 (emphasis in original). However, Booker reaffirmed the holding in Apprendi that prior convictions are excluded from the facts that must be admitted or submitted to the jury. See Booker, 125 S. Ct. at 756. Thus, Orta's sentence was not affected by a Sixth Amendment violation. See Booker, 125 S. Ct. at 750, 769.

Orta argues that because his sentence was imposed pursuant to an unconstitutional, mandatory guidelines system, it is unconstitutional and should be vacated. This is the type of error that was experienced by the other respondent in Booker, Ducan Fanfan. See Booker, 125 S. Ct. at 750, 768-69; see also

<u>United States v. Mares</u>, 402 F.3d 511, 518-20 & n.9 (5th Cir. 2005), <u>petition for cert. filed</u>, No. 04-9517 (U.S. Mar. 31, 2005). Because Orta did not raise this issue below, we review for plain error only. See <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005).

The "Fanfan" error was plain, meeting the first two prongs of the plain error standard. See <u>United States v. Martinez-Lugo</u>, __ F.3d __, 2005 WL 1331282 at *2 (5th Cir. June 7, 2005). In order to show that the error meets the third prong and affected his substantial rights, he must show that it affected the outcome of the proceedings in the district court. <u>Id.</u> The error was not structural and prejudice is not otherwise presumed. See <u>id.</u>; <u>United States v. Malveaux</u>, __ F.3d __, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005). Orta cannot show that he was prejudiced by the error because the district court sentenced him at the midpoint in the guidelines range and nothing in the sentencing transcript indicates that the district court would have imposed a lesser sentence if it knew that the guidelines were not mandatory. See <u>Martinez-Lugo</u>, 2005 WL 1331282 at *2-*3.

AFFIRMED.