United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30916
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE RIEMER CALHOUN, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50021-1
----------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

On August 26, 2004, this court affirmed the sentences of Maurice Riemer Calhoun, Jr.  United States v. Calhoun, 383 F.3d 281 (5th Cir. 2004).  The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).  Calhoun v. United States, 125 S. Ct. 1068 (2005).  We requested and received supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Calhoun contends that the district court violated his Sixth Amendment rights under <u>Booker</u> by imposing Sentencing Guidelines increases based on factors that were neither submitted to a jury for proof beyond a reasonable doubt nor admitted by him.  He concedes that such argument is raised for the first time and is reviewable for plain error only.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).  The parties do not dispute that the first two prongs of the plain-error test have been satisfied: There is Sixth Amendment error in Calhoun's case, and such error is "plain" under <u>Booker</u>.  <u>See</u> <u>id.</u> at 521.

To satisfy the third prong of the plain-error test, Calhoun must show that his "substantial rights" were affected.  <u>See</u> <u>id.</u> "The pertinent question is whether [the appellant] demonstrated that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result."  <u>Id.</u>  This question requires us to assess whether "there is [an] indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether [ ]he would have reached a different conclusion" if sentencing under an advisory scheme.  <u>Id.</u> at 522.  That the district court sentenced Calhoun to 60 months in prison, within a 51-to-63-month guideline imprisonment range, and that the court stated that it was "going to follow the rules," are not

indications that the court would have imposed a "significantly different result."  No plain error is apparent.

Calhoun also contends that the application of a mandatory Guidelines regime was a "structural" error that was "per se prejudicial" and "infect[ed]" his trial in a "pervasive and systemic manner."  Sentencing a defendant pursuant to a mandatory guideline scheme, standing alone, constitutes "Fanfan" error, and such an error is "plain."  See Booker, 125 S. Ct. at 750, 768-69 (addressing preserved challenge in companion case); United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005).  For the reasons discussed above in connection with Calhoun's first argument, however, Calhoun has not established that such error affected his substantial rights.  See Valenzuela-Quevedo, 407 F.3d at 733.

Calhoun's supplemental brief contains an informal request that this court grant en banc consideration to the issue whether Mares's plain-error formulation for Booker cases is correct.  He also has filed a motion for leave to file a second supplemental brief addressing why he believes Mares was incorrectly decided. Calhoun has not remotely complied with FED. R. APP. P. 35 and 5TH CIR. R. 35, which govern the filing of petitions for en banc consideration.  The request for en banc consideration and the motion for leave to file a second supplemental brief are DENIED.

AFFIRMED; REQUEST AND MOTION DENIED.