Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Roque Alvarez–Jimenez raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the judgment of the district court is AFFIRMED.

UNITED STATES of America, Plaintiff–Appellee,

v.

Rodolfo ESQUIVEL–JUAREZ, Defendant–Appellant.

No. 04–41115
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Rodolfo Esquivel–Juarez (Esquivel) appeals the 70–month sentence imposed after

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

he pleaded guilty to one count of illegal reentry into the United States. *See* 8 U.S.C. § 1326.

Esquivel contends that 8 U.S.C. § 1326(b) is unconstitutional and that this court should vacate his sentence and remand his case for resentencing to no more than two years in prison under 8 U.S.C. § 1326(a). As he concedes, this contention is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Esquivel also contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the federal sentencing guidelines contrary to the rule of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 756–57, 769, 160 L.Ed.2d 621 (2005). We review for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th Cir.2005), *cert. denied* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2005 WL 1811485 (July 25, 2005) (No. 05–5556). Although there was an error, Esquivel has failed to demonstrate a sufficient probability "that the district judge would have imposed a different sentence" under advisory guidelines. *See id.* at 733. Esquivel thus fails to show that the error affected his substantial rights as he must do to meet the plain-error standard. *See id.; United States v. Mares*, 402 F.3d 511, 502, 521–22 (5th Cir.2005), *cert. denied* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2005 WL 816208 (Mar. 31, 2005) (No. 04–9517).

The judgment of the district court is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be