United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20366
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON ARTURO COLATOS-RIVAS,
also known as Ramon Rivas Colatos-Rivas,
also known as Ramon Rivas,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-441-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ramon Arturo Colatos-Rivas (Colatos) appeals from his

sentence for illegal reentry following deportation. For the

reasons that follow, Colatos's sentence is affirmed.

Colatos argues that the district court erred by

characterizing his state conviction for possession of a

controlled substance as an aggravated felony. He contends that a

prior conviction must qualify as a felony under federal law in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order to be an aggravated felony under the guidelines. Colatos's argument is foreclosed. See United States v. Hernandez-Avalos, 251 F.3d 505, 510 (5th Cir. 2001).

Colatos contends that Almendarez-Torres v. United States, 523 U.S. 224 (1998), had been undermined by subsequent Supreme Court decisions and should be overruled. Colatos concedes that his argument is foreclosed, but he raises the issue to preserve it for further review. Colatos's argument is foreclosed. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Colatos contends that his sentence is unconstitutional because it was imposed pursuant to the formerly mandatory Sentencing Guidelines. He contends that his sentencing under the formerly mandatory Sentencing Guidelines was plainly erroneous and reversible pursuant to United States v. Booker, 125 S. Ct. 738 (2005); that the Booker error was structural in nature, thus excusing him from showing prejudice; that the Booker error was prejudicial because his presentation at sentencing might have been different had he known the guidelines were not binding, and because the district court might have imposed a different sentence after hearing a different sentencing presentation; and that, even if the Booker error was not structural, it should be presumed prejudicial.

Colatos's contention is reviewed under the plain error standard. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005)

(No. 05-5556). Colatos cannot demonstrate that the plain error he has identified "affected the outcome of the district court proceedings." See id. at 733 (internal quotation marks and citation omitted). The district court rejected Colatos's arguments for a downward departure based on his criminal history score overrepresenting the seriousness of his criminal history, his childhood disease, his mother leaving him at an early age, and his cultural assimilation. The district court assigned reasons for rejecting those arguments, and none of the district court's reasons indicated that it might have considered a lower sentence but for the mandatory sentencing scheme.

AFFIRMED.