United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41070
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL LOZANO-REYES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-30-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Angel Lozano-Reyes appeals his guilty-plea conviction and sentence for illegal reentry following deportation. Lozano-Reyes argues pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), should be overruled. He concedes that his constitutional argument is foreclosed by Almendarez-Torres, and he raises it solely to preserve its further review by the Supreme Court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  The Supreme Court's recent decisions in Shepard v. United States, 125 S. Ct. 1254, 1262-63 & n.5 (2005), United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 124 S. Ct. 2531 (2004), also did not overrule Almendarez-Torres.  We therefore must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Lozano-Reyes contends that his sentence is invalid in light of Booker because the sentencing judge applied the sentencing guidelines as if they were mandatory.  We review for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). To prevail under a plain error analysis, Lozano-Reyes must show, among other things, that the error prejudiced him by adversely affecting his substantial rights.  Id. at 733.

Lozano-Reyes fails to identify anything in the record to suggest that his sentence would have been any less had the court applied the sentencing guidelines as advisory rather than mandatory.  See id.  He thus fails to establish prejudice to his substantial rights.  See id.  The judgment of the district court is AFFIRMED.