United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41420
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELMER ENRIQUE MARQUEZ-FLORES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-237-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Elmer Enrique Marquez-Flores appeals his sentence imposed

following his guilty plea to illegal reentry after deportation.

He was sentenced to 33 months of imprisonment and two years of

supervised release. He argues that, in light of United States v.

Booker, 125 S. Ct. 738 (2005), his sentence is invalid because

the district court applied the Sentencing Guidelines as if they

were mandatory. We review for plain error. United States v.

Mares, 402 F.3d 511, 513, 520-22 (5th Cir. 2005), petition for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cert. filed (Mar. 31, 2005) (No. 04-9517); <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556).

Marquez-Flores is unable to establish plain error with regard to his <u>Booker</u> claim because he cannot establish that being sentenced under a mandatory Guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the Guidelines were advisory only. <u>See</u> <u>Mares</u>, 402 F.3d at 520-22; <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34.

Marquez-Flores also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). This issue is foreclosed. <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.