United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40550
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS RAY VELA-SALINAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-948-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the sentence of Luis Ray Vela-Salinas

(Vela).  United States v. Vela-Salinas, 115 Fed. Appx. 238, 239

(5th Cir. Dec. 17, 2004)(No. 04-40550)(unpublished).  The Supreme

Court vacated and remanded for further consideration in light of

United States v. Booker, 125 S. Ct. 738 (2005).  We requested and

received supplemental letter briefs addressing the impact of

Booker.

-----

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vela argues that sentencing him under the mandatory Sentencing Guidelines regime held unconstitutional in Booker constituted reversible plain error.  However, to meet the third prong of the plain error analysis and show that the error affected his substantial rights, Vela bears the burden of "establish[ing] that the error affected the outcome of the district court proceedings."  United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).  Our review of the sentencing transcript reveals that he has not carried this burden.  The transcript indicates that the district court sentenced Vela to the middle of the applicable Guidelines range and denied a defense motion for a downward departure.  Nothing in the record indicates that the sentencing judge would have given a lower sentence if he had treated the Guidelines as advisory rather than mandatory.  See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Vela's conviction and sentence.

AFFIRMED.