United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**02-21017
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOE BOB MONCRIEF,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(4:00-CR-00544-6)**

---

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**
Before BARKSDALE, Circuit Judge, and LYNN,[*] District Judge.[**]

PER CURIAM:[***]

In late 2004, this court affirmed Joe Bob Moncrief's convictions of conspiracy, in violation of 18 U.S.C. §§ 371 & 1956(h); of two counts of bank fraud, in violation of 18 U.S.C. § 1344; of five counts of illegal money transactions, in violation of 18 U.S.C. § 1957(a); and of nine counts of money laundering, in

---

[*]District Judge of the Northern District of Texas, sitting by designation.

[**]Judge Pickering was a member of this panel when the opinion issued on 1 November 2004, but subsequently retired. Accordingly, this matter is decided by a quorum. *See* 28 U.S.C. § 46(d).

[***]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of 18 U.S.C. § 1956(a)(1). **United States v. Moncrief**, 133 F. App'x 924, 932 (5th Cir. 2004). It also affirmed his sentence to 210 months imprisonment. **Id**. The Supreme Court granted Moncrief's petition for *writ of certiorari*; vacated our judgment; and remanded the case for further consideration in the light of **United States v. Booker**, 543 U.S. ___, 125 S. Ct. 738 (2005). **Moncrief v. United States**, 125 S. Ct. 2273 (2005). We requested, and received, supplemental briefs addressing the impact of **Booker**. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction, but remand for resentencing.

Moncrief raised **Booker**-error for the first time on appeal; therefore, our review is only for plain error. *See* **United States v. Mares**, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. denied*, ___ S. Ct. ___, 2005 WL 816208 (U.S. 3 Oct. 2005) (No. 04-9517). Plain error review permits an appellate court to correct a forfeited issue only when, *inter alia*, there is "(1) error (2) that is plain and (3) that affects substantial rights". **United States v. Cotton**, 535 U.S. 625, 631 (2002) (citation and internal quotations marks omitted). Because the district court sentenced Moncrief under the mandatory Guidelines held unconstitutional in **Booker**, the first two prongs are satisfied. **United States v. Valenzuela-Quevedo**, 407 F.3d 728, 733 (5th Cir. 2005), *petition for*

2

*cert. denied*, ___ S. Ct. ___, 2005 WL 1811485 (U.S. 3 Oct. 2005) (No. 05-5556).  As discussed *infra*, Moncrief has shown "the outcome would have been different if the district court had been operating under an advisory system", **United States v. Holmes**, 406 F.3d 337, 365 (5th Cir. 2005), *petition for cert. denied*, ___ S. Ct. ___, 2005 WL 2414188 (U.S. 3 Oct. 2005) (No. 05-38); accordingly, he has also satisfied the third prong of plain-error review.

Moncrief met his burden of showing his substantial rights were affected by "demonstrat[ing] a probability 'sufficient to undermine confidence in the outcome'" of his sentencing.  **Mares**, 402 F.3d at 521 (quoting **United States v. Dominguez Benitez**, 124 S. Ct. 2333, 2340 (2004)).  At sentencing, the district court stated that, although a review of Moncrief's life made the sentencing "all the more heart-breaking", the court was unable to grant a downward departure because of the constraints imposed by the Guidelines. The sentencing judge imposed the minimum term of imprisonment allowed under the Guidelines.

**United States v. Pennell**, 409 F.3d 240 (5th Cir. 2005), considered similar language from a defendant's sentencing hearing, at which the district court stated:

> Once again, I say that from many standpoints of fairness and justice, it might be better to sentence people based on actual loss, *but I don't think that's the way the guidelines are written* or the appellate courts interpreted them in most cases. *So I feel constrained to overrule your objection.*

3

*Id.* at 245 (emphasis added).  There, the court imposed the lowest sentence possible under the then-mandatory Guidelines.  *Id.* at 246.  On appeal, our court remanded the case for resentencing, after interpreting the district court's statement to show that, "had [the judge] been free to do so[,] he would have selected a different loss figure which would have resulted in a lesser sentence".  *Id.*

The language used by the district court at Moncrief's sentencing is sufficiently similar to the district court's in *Pennell*.  Because Moncrief likely would have received a different sentence, had the judge not felt constrained by the then-mandatory Guidelines, Moncrief has satisfied the third prong of the plain error test.  *See id.* (noting it was "likely" that the district court would have imposed a lesser sentence had the judge not been bound under the mandatory Guidelines).

Even though Moncrief has satisfied these three prongs, we have discretion whether to correct plain error; generally we will not do so unless the error "seriously affected the fairness, integrity or public reputation of judicial proceedings".  *Id.*  In this regard, because the plain error likely increased his sentence, Moncrief has made the requisite showing.

Finally, as recognized by this court on plain error review on direct appeal:  the district court committed clear error by using the 2000 edition of the Sentencing Guidelines, rather than the 2001 edition, in determining the applicable Guidelines range for

Moncrief's sentence; but Moncrief failed to show such error affected his substantial rights. *Moncrief*, 133 F. App'x at 939. (Moncrief now appears to urge his sentence should be imposed in the light of the 2002 edition.) Although the Supreme Court limited its remand to this court for further consideration in the light of *Booker*, 125 S. Ct. At 738, we are confident that, on remand, the district court will consider the correct edition of the Guidelines in resentencing Moncrief.

Therefore, we **AFFIRM** Moncrief's conviction; **VACATE** his sentence; and **REMAND** for resentencing consistent with *Booker*.

*AFFIRMED IN PART; VACATED IN PART; AND REMANDED*