United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50046
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE ANGEL CARDONA GARCIA, also known as
Jose Angel Cardo Garcia,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-79-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Jose Angel Cardona Garcia ("Cardona") appeals his sentence
following his guilty-plea conviction for distributing five grams
or more of crack cocaine.  For the first time on appeal, he
argues that the district court erred in calculating the
applicable guideline range on the basis of facts to which
Cardona did not admit, in violation of United States v. Booker,
125 S. Ct. 738, 756 (2005).  He also asserts for the first time
that the district court erred in imposing a sentence under a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory guideline scheme, also in violation of <u>Booker</u>, 125 S. Ct. at 756-57.

This court reviews these arguments for plain error. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005); <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005). Cardona cannot show, as required by <u>Valenzuela-Quevedo</u> and <u>Mares</u>, that the district court would likely have sentenced him differently under an advisory sentencing scheme. Similarly, there is no indication from the court's comments at sentencing that the court felt constrained from departing further from the applicable guideline range when it granted the Government's U.S.S.G. § 5K1.1 motion. Thus, Cardona has not shown that the district court's imposition of the sentence was plain error. <u>See</u> <u>Valenzuela-Quevedo</u>, 407 F.3d at 733; <u>Mares</u>, 402 F.3d at 521. Accordingly, Cardona's sentence is AFFIRMED.