United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10464
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNIE LEE RIGDON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-231-ALL
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Johnnie Lee Rigdon appeals the sentence imposed following his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e). He argues that the district court erred in increasing his offense level for possession of firearms in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(5). Rigdon's possession of 1.9 grams of methamphetamine was a felony under Texas law. See TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.115. The district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not clearly err in increasing his offense level under § 2K2.1(b)(5) based on its determination that the firearms were readily available to Rigdon and that they were possessed and could have been used to facilitate his drug-related activities. See United States v. Armstead, 114 F.3d 504, 511 (5th Cir 1997); see also United States v. Washington, 340 F.3d 222, 231 (5th Cir.), cert. denied, 124 S. Ct. 942 (2003).

Rigdon argues that the district court erred in enhancing his offense level based on findings made by the judge and in imposing his sentence pursuant to the mandatory guidelines system in view of United States v. Booker, 125 S. Ct. 738 (2005). Because Rigdon did not raise these arguments in the district court, review is limited to plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, (U.S. Mar. 31, 2005) (No. 04-9517). Thus, Rigdon must show: (1) an error; (2) that is clear or plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of his judicial proceedings. United States v. Olano, 507 U.S. 725, 732-35 (1993).

Rigdon has not shown that the error affected his substantial rights as he has not shown that there is any "indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether [he] would have reached a different conclusion" regarding the sentencing increase under § 2K2.1(b)(5) under an advisory Booker system. See id.

Rigdon argues that the district court erred in enhancing his sentence based on his classification as an armed career criminal pursuant to U.S.S.G. § 4B1.4(b)(3)(B) and 18 U.S.C. § 924(e). At the sentencing hearing, Rigdon admitted the facts necessary to establish that he was an armed career criminal subject to the 180-month mandatory minimum sentence under 18 U.S.C. § 924(e) and § 4B1.4(b)(3)(B). Therefore, there is no Booker violation based on this enhancement. Further, Booker does not apply to enhancements based on a defendant's prior convictions. See Booker, 125 S. Ct. at 756; see also United States v. Guevara, ___ F.3d ___, No. 03-11299 (5th Cir. May 2, 2005), 2005 WL 1009772 at *6 ("Booker explicitly excepts from Sixth Amendment analysis" the fact of a prior conviction).

Rigdon also argues that the district court erred by imposing a sentence pursuant to a mandatory application of the sentencing guidelines. The district court's imposition of the sentence based on the mandatory guideline system was error. See Booker, 125 S. Ct. at 768; see also Mares, 402 F.3d at 517-20 & n.9. Rigdon has not shown that the district court's imposition of his sentence under the mandatory Guidelines system affected his substantial rights, as the record does not indicate that the district court would have imposed a different sentence under an advisory Guidelines system. See United States v. Valenzuela-Quevedo, ___ F.3d ___, No. 03-41754, 2005 WL 941353 at *4 (5th Cir. Apr. 25, 2005). Therefore, Rigdon has not met the

requirements to establish plain error.  See id.; see also Vonn, 535 U.S. at 59.

Rigdon also argues that the sentencing enhancements imposed by the district court pursuant to the Guidelines violated his rights under the Confrontation Clause, citing Crawford v. Washington, 541 U.S. 36 (2004).  The Confrontation Clause is not applicable at sentencing.  Crawford, 541 U.S. at 68-69; see also United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999).

AFFIRMED.