United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41562
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO JAVIER LINAN-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-84-ALL
--------------------

Before BENAVIDES DENNIS and OWEN, Circuit Judges

PER CURIAM:[*]

Eduardo Javier Linan-Gonzalez appeals the sentence following his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b). Linan-Gonzalez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He acknowledges that this argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review. See Almendarez-Torres v. United States, 523 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Linan-Gonzalez also argues that his sentence was unreasonable because the district court failed to consider whether, under 18 U.S.C. § 3553(a), his unique mental condition in the form of severe depression warranted a sentence below the applicable guidelines range. While the district court found that he did not suffer from "diminished capacity," the defendant argues that consideration of a downward departure was warranted based on his mental and emotional condition. Under the Sentencing Guidelines, mental and emotional conditions are not ordinarily relevant to sentencing. U.S.S.G. § 5H1.3. The defendant argues that, after United States v. Booker, 125 S. Ct. 738 (2005), this provision as to mental conditions is not mandatory and his depression warranted a lesser sentence under 18 U.S.C. § 3553(a).

The defendant's argument, now based upon Booker, is raised for the first time on appeal. Accordingly, our review is for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005).

Although Linan-Gonzalez does not explicitly argue that his sentence was erroneous because it was imposed under a mandatory guidelines system, it is the unstated premise for his argument that, based upon Booker, the district court should have taken his mental condition into consideration and given him a sentence below the applicable guidelines range. After Booker, the mandatory

application of the guidelines is an error that is plain. Valenzuela-Quevedo, 407 F.3d at 733.

Linan-Gonzalez has not shown, however, that his substantial rights were affected by the error. Id. at 733-34. He stops short of asserting that, if the district court has considered his mental condition under 18 U.S.C. § 3553(a), it would have imposed a lesser sentence. Moreover, even under an advisory guidelines scheme, the district court could have considered the Sentencing Commission's policy statement that mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005); U.S.S.G. § 5H1.3, p.s.; 18 U.S.C. § 3553(a)(5). Finally, the record indicates that the district court did not believe that Linan-Gonzalez suffered from diminished capacity, instead concluding that his problem was no different from other people who miss their families in the United States. As Linan-Gonzalez has not carried his burden of showing that he would have received a different sentence if the district court had sentenced him under an advisory guidelines scheme, his sentence is AFFIRMED.