United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEREK FRANDON MACK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-109-6-PNB
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Derek Frandon Mack appeals his guilty-plea conviction and sentence for conspiracy to manufacture, distribute, or possess with the intent to manufacture, distribute, or dispense 3,4-Methylenedioxymethamphetamine, Methylenedioxy-methamphetamine, methamphetamine, cocaine, and marijuana. He avers that his sentence runs afoul of United States v. Booker, 125 S. Ct. 738 (2005) because he was sentenced under the mandatory guideline scheme held unconstitutional in Booker. He also avers that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's denial of the acceptance-of-responsibility adjustment violated Booker because the court denied the adjustment based on findings that went beyond the facts admitted by him.  Mack further avers that the district court's determination that he was a career offender ran afoul of Booker because he never admitted to the factual basis for the predicate offenses.

In Mack's case, there was no Sixth Amendment violation under Booker because the only enhancement to his sentence was based on his status as a career offender.  See Booker, 125 S. Ct. at 756, 769; United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005)(There is no Sixth Amendment violation with respect to post-trial consideration of career offender status).  Nor did the district court's denial of a reduction for acceptance of responsibility implicate Booker.  See United States v. De Jesus-Batres, 410 F.3d 154, 163 n.2 (5th Cir. 2005).

The district court's imposition of the sentence based on the mandatory guideline system nonetheless was error.  See Booker, 125 S. Ct. at 768; see also United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  However, Mack has not shown that the district court's imposition of his sentence under the mandatory guidelines system affected his substantial rights, as the record does not indicate that the district court would have imposed a different sentence under an advisory guidelines system.  See United States

v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005).
Therefore, Mack has not met the requirements to establish plain
error.  See id.

The district court's denial of an adjustment for acceptance
of responsibility permissibly relied upon the finding that Mack
failed to tell the probation officer that he received drugs other
than methamphetamine and marijuana from a co-conspirator.  Mack
has failed to show that the district court's denial of an
adjustment for acceptance of responsibility was without
foundation.  See United States v. Washington, 340 F.3d 222, 227
(5th Cir. 2003).  The judgment of the district court is AFFIRMED.