**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santiago SANCHEZ–VIVAR,**
**Defendant–Appellant.**

**No. 04–40897.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Hector Anthony Casas, Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Santiago Sanchez–Vivar (Sanchez), appeals the 41–month sentence imposed after he pleaded guilty to one count of illegal reentry into the United States. *See* 8 U.S.C. § 1326.

Sanchez contends that 8 U.S.C. § 1326(b) is unconstitutional and that this court should vacate his sentence and remand his case for resentencing to no more than two years in prison under 8 U.S.C. § 1326(a). As he concedes, this contention is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Sanchez also contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the federal sentencing guidelines contrary to the rule of *United States v. Booker,* — U.S. —, — —, —, 125 S.Ct. 738, 756–57, 769, 160 L.Ed.2d 621 (2005). We review for plain error. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). Although there was an error, Sanchez has failed to a demonstrate a sufficient probability "that the district judge would have imposed a different sentence" under advi-

sory guidelines. *Id.* at 733; *United States v. Mares,* 402 F.3d 511, 502, 521–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Sanchez thus fails to show that the error affected his substantial rights as he must do to meet the plain-error standard. *See Mares,* 402 F.3d at 521–22.

The judgment of the district court is AFFIRMED.