United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20503
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE ENRIQUEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-431-2
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Enrique Enriquez appeals his sentence following his guilty-plea conviction of conspiracy to transport and harbor illegal aliens for a fee and aiding and abetting the transportation of an illegal alien for commercial advantage and private financial gain within the United States.  Enriquez argues that the district court plainly erred in applying the Sentencing Guidelines in a mandatory manner.  He contends that, because this error was structural in nature, prejudice should be presumed and we should

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exercise our discretion to reverse the sentence. He also challenges that review is for plain error. However, he concedes that his arguments are foreclosed by our decision in <u>United States v. Mares</u>, 402 F.3d 511, 522 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517), and asserts that he is raising the arguments to preserve them for review in the United States Supreme Court.

Here, the district court erred by imposing a sentence pursuant to a mandatory application of the Sentencing Guidelines. <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738, 768 (2005); <u>see also</u> <u>Mares</u>, 402 F.3d at 520-21 & n.9. However, Enriquez cannot establish that this error affected his substantial rights because the record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 733-34 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556). The district court's judgment is AFFIRMED.