United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40669
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE CORTEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-183-ALL-MAC
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Cortez appeals his sentence after his guilty-plea conviction of possession of a prohibited object by an inmate. Cortez argues on appeal that his case should be remanded for resentencing because, under United States v. Booker, 125 S. Ct. 738 (2005), the district court plainly erred in not considering all of the factors listed in 18 U.S.C. § 3553 equally and in not treating the Sentencing Guidelines as advisory.

As Cortez concedes, our review is for plain error. See United States v. Mares, 402 F.3d 511, 513 (5th Cir. 2005),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  Here, the district court erred by imposing a sentence pursuant to a mandatory application of the Sentencing Guidelines.  See Booker, 125 S. Ct. at 768; see also Mares, 402 F.3d at 520-21 & n.9.  However, Cortez cannot establish that this error affected his substantial rights.  The record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme.  In the absence of a showing that his sentence likely would have been different, Cortez cannot establish plain error, and his Booker argument fails.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

Cortez also asserts that in light of Booker, under 18 U.S.C. § 3584(a), the district court may now sentence him to a concurrent term of imprisonment.  Regardless whether the Sentencing Guidelines required a consecutive sentence, the statute of conviction, 18 U.S.C. § 1791(a)(2), requires a consecutive sentence.  See 18 U.S.C. § 1791(a)(2), (c).  Thus, Booker did not affect whether the district court could have sentenced Cortez to a concurrent sentence.  The judgment of the district court is AFFIRMED.