United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40897
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTIAGO SANCHEZ-VIVAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-218-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Santiago Sanchez-Vivar (Sanchez), appeals the 41-month sentence imposed after he pleaded guilty to one count of illegal reentry into the United States. See 8 U.S.C. § 1326.

Sanchez contends that 8 U.S.C. § 1326(b) is unconstitutional and that this court should vacate his sentence and remand his case for resentencing to no more than two years in prison under 8 U.S.C. § 1326(a). As he concedes, this contention is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez also contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the federal sentencing guidelines contrary to the rule of United States v. Booker, 125 S. Ct. 738, 756-57, 769 (2005). We review for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Although there was an error, Sanchez has failed to a demonstrate a sufficient probability "that the district judge would have imposed a different sentence" under advisory guidelines. Id. at 733; United States v. Mares, 402 F.3d 511, 502, 521-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Sanchez thus fails to show that the error affected his substantial rights as he must do to meet the plain-error standard. See Mares, 402 F.3d at 521-22.

The judgment of the district court is AFFIRMED.