United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41161
Conference Calendar
_____

UNITED STATES OF AMERICA,

                            Plaintiff-Appellee,

versus

LEONARDO RAMIREZ-OROZCO,
also known as Paul Jacob Ramirez,

                            Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-1135-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Leonardo Ramirez-Orozco ("Ramirez") appeals his 57-month

sentence imposed following his guilty-plea conviction for

attempted illegal reentry into the United States after having

been previously deported.  For the first time on appeal, Ramirez

argues that his sentence is unconstitutional, in light of United

States v. Booker, 125 S. Ct. 738 (2005), because his sentence was

increased based upon facts that he did not admit.  Specifically,

he contends that the district court's determination, pursuant to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 4A1.1(d), that he was on parole at the time he committed the instant offense violated his Sixth Amendment rights. He further contends that his sentence is unconstitutional because it was imposed pursuant to a mandatory application of the sentencing guidelines.

We review for plain error. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Ramirez's argument that the Booker errors are structural and insusceptible of harmless error analysis has been rejected by this court. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005). Ramirez's alternative argument that any Booker error should be presumed prejudicial has also been rejected by this court. Id. Thus, Ramirez must show: (1) an error; (2) that is clear or plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity or public reputation of his judicial proceedings. United States v. Olano, 507 U.S. 725, 732-35 (1993).

Ramirez makes no showing that the district court would likely have sentenced him differently under the Booker advisory scheme. Similarly, there is no indication from the court's remarks at sentencing that the court would have reached a different conclusion. Thus, Ramirez has not demonstrated that his substantial rights were affected, and he has thus failed to

carry his burden under plain-error review.  <u>See</u> <u>Mares</u>, 402 F.3d at 521-22; <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34.

As he concedes, Ramirez's argument that the sentencing provisions of 8 U.S.C. § 1326(b) are unconstitutional is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).  <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 489-90 (2000); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.