United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41504
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENA PAREDES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 05:03-CR-1873-3
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lorena Paredes appeals her sentence following her
guilty-plea conviction of conspiracy to transport undocumented
aliens within the United States.  Paredes argues that her
sentence under a mandatory Sentencing Guidelines scheme was error
under United States v. Booker, 125 S. Ct. 738 (2005).  She
further argues that she objected to the enhancement of her
sentence based on the number of aliens and her role in the
offense and did not admit to the facts used in applying those

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancements. She asserts that the Booker error was not harmless beyond a reasonable doubt.

We review for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Here, the district court erred by imposing a sentence enhanced by facts found by a judge pursuant to a mandatory application of the Sentencing Guidelines. See Booker, 125 S. Ct. at 768; see also Mares, 402 F.3d at 520-21 & n.9. However, Paredes cannot establish that this error affected her substantial rights. The record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme. In the absence of a showing that her sentence likely would have been different, Paredes cannot establish plain error, and her Booker argument fails. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005)(No. 05-5556). The judgment of the district court is AFFIRMED.