United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41723
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR NAVARRO-GALLARDO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-588-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Oscar Navarro-Gallardo appeals his sentence imposed following his guilty plea conviction for illegal reentry into the United States following deportation.  Navarro was sentenced to a term of imprisonment of 57 months, to be followed by a three-year term of supervised release.

Navarro argues that he was sentenced under the unconstitutional mandatory guidelines system and that the error constitutes plain error in light of United States v. Booker,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

125 S. Ct. 738 (2005). He argues that the fact that the district court imposed a sentence at the bottom of the guidelines range shows that the error had an effect on his substantial rights. Navarro further argues that it should be presumed that his substantial rights were affected.

We review for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Sentencing a defendant pursuant to a mandatory Guidelines scheme, without an accompanying Sixth Amendment violation, constitutes "Fanfan" error. See United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005).

The court has rejected the argument urged by Navarro that Fanfan error is structural and presumptively prejudicial, holding that it is instead subject to the same plain error analysis set forth in Mares. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005).

Navarro has met the first two prongs of the plain error test because Fanfan error is "error" that is "plain." See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). In order to meet the third prong of the analysis and show that the error affected his substantial rights, Navarro bears the burden of showing that "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at

520-21. Navarro has failed to make that showing and, thus, has failed to show plain error. See <u>United Stares v. Bringier</u>, 405 F.3d 310, 317 n.4 (5th Cir. 2005), <u>petition for cert. filed</u> (July 26, 2005) (No. 05-5535).

Navarro argues for the first time on appeal and pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) that the sentencing provisions of § 1326(b) are unconstitutional. He concedes that this issue is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and he raises it solely to preserve its further review by the Supreme Court.

<u>Almendarez-Torres</u>, 523 U.S. at 235, held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>see</u> also <u>Blakely v. Washington</u>, 124 S. Ct. 2531, 2536, 2548 (2004). <u>Booker</u> did not overrule <u>Almendarez-Torres</u>. See <u>Booker</u>, 125 S. Ct. at 756. This court does not have the authority to overrule <u>Almendarez-Torres</u>. See <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This argument is therefore foreclosed.

AFFIRMED.