United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41756
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMERICA VASQUEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-586-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

America Vasquez pled guilty to possession with intent to distribute 2.3 kilograms of cocaine and was sentenced to 46 months of imprisonment, three years of supervised release, and a $100 special assessment.  Vasquez argues for the first time on appeal that her sentence is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005), because she was sentenced under a mandatory guidelines scheme.  We review for plain error.  United States v. Mares, 402 F.3d 511, 520 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

The district court committed error that is plain by sentencing Vasquez under a mandatory sentencing guidelines scheme. Valenzuela-Quevedo, 407 F.3d at 733. However, Vasquez fails to carry her burden of showing that this error affected her substantial rights. Id. at 733-34. The district court made no comments indicating that it would have imposed a lesser sentence in the absence of mandatory guidelines.

Vasquez also argues for the first time on appeal that the statute of conviction, 21 U.S.C. § 841 (a), (b) is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). However, she concedes that this issue is foreclosed and raises it only to preserve it for further review. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). Accordingly, the judgment of the district court is AFFIRMED.