**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**August 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10055
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CRUZ GONZALEZ-RENTERIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-275-ALL
--------------------

Before BENAVIDES, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Cruz Gonzalez-Renteria appeals his conviction and sentence for illegal reentry. He first contends that his sentence is invalid in light of United States v. Booker, 125 S. Ct. 738 (2005) because the sentencing judge applied the sentencing guidelines as if they were mandatory. Because Gonzalez-Renteria did not raise this issue in the district court, we review it only for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005). Although

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was an error under <u>Booker</u>, Gonzalez-Renteria fails to demonstrate that the district court would have imposed a different sentence under advisory guidelines.  <u>Id.</u> at 733.  He therefore fails to show that the error affected his substantial rights as is necessary under the plain-error standard.  <u>See id.</u>; <u>United States v. Mares</u>, 402 F.3d 511, 521-22 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).

Gonzalez-Renteria argues that the district court plainly erred in calculating his criminal history points by refusing to treat his prior sentence for failure to identify as a "related case" under U.S.S.G. § 4A1.2(a)(2).  Given that the failure-to-identify offense and the instant illegal reentry offenses did not occur simultaneously, they were not committed against the same victim, they were not identical offenses, and they were not committed at the same geographic location, it cannot be said that the district court erred in determining that these were separate offenses for purposes of calculating Gonzalez-Renteria's criminal history points.  <u>United States v. Moreno-Arredondo</u>, 255 F.3d 198, 201, 207 (5th Cir. 2001).

Gonzalez-Renteria argues pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), should be overruled.  He concedes that his constitutional argument is contrary to the Supreme Court's decision in <u>Almendarez-Torres</u>, but he argues that <u>Almendarez-Torres</u> was wrongly decided.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). The Supreme Court's recent decisions in Shepard v. United States, 125 S. Ct. 1254, 1262-63 & n.5 (2005), Booker, and Blakely v. Washington, 542 U.S. 2961, 124 S. Ct. 2531 (2004), also did not overrule Almendarez-Torres. We therefore must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.