**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 17, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50048
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ROBERT GALICIA-PENA, also
known as Jose Roberto Galicia-Pena,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-721-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Robert Galicia-Pena ("Galicia") appeals following his conviction in a bench trial for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Galicia argues that the district court committed reversible plain error by increasing the maximum authorized Guidelines sentence based on facts neither admitted nor found by a jury, and by imposing a sentence under a mandatory Guidelines scheme. Galicia correctly concedes that he cannot carry his burden of showing that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's error affected his substantial rights.  See

United States v. Valenzuela-Quevedo, 407 F.3d 728, 733-34 (5th

Cir. 2005), petition for cert. filed (July 25, 2005) (No.

05-5556); United States v. Mares, 402 F.3d 511, 521 (5th Cir.

2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

Galicia also argues that because his indictment did not

allege a prior felony conviction, he was subject to a maximum

sentence of two years under U.S.C. § 1326(a).  He correctly

acknowledges that his argument is foreclosed by Almendarez-Torres

v. United States, 523 U.S. 224, 235 (1998), which held that a

prior conviction is a sentencing factor under 8 U.S.C.

§ 1326(b)(2) and not a separate criminal offense.  The

Government's motion for summary affirmance is GRANTED, and the

judgment of the district court is AFFIRMED.