United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40591
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO LERMA-VELA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-29-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Lerma-Vela appeals his sentence imposed following his guilty plea conviction for illegal reentry into the United States following deportation. The Government argues that Lerma knowingly and voluntarily waived his right to appeal his sentence, except for a sentence in excess of the statutory maximum or any upward departure from established guidelines. The prosecutor did not review the specific provisions of the waiver during the rearraignment, and the magistrate judge did not determine whether Lerma understood that the only exceptions to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the waiver were a sentence above the statutory maximum or an upward departure. The magistrate judge and the Government further confused the issue by their agreement that Lerma could appeal an undefined "illegal sentence." Because it cannot be determined that the waiver was knowingly and voluntarily made by Lerma, we do not enforce it. United States v. Robinson, 187 F.3d 516, 518 & n.2 (5th Cir. 1999); FED. R. CRIM. P. 11(b)(1)(N).

Lerma argues that the enhancement of his sentence based on the mandatory sixteen-point adjustment to his offense level is illegal under United States v. Booker, 125 S. Ct. 738 (2005). As Lerma concedes, Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 529 U.S. 296, 124 S. Ct. 2531 (2004) held that enhancements for prior convictions are not subject to the Sixth Amendment jury trial requirements. Lerma's sentence was enhanced based only on his prior conviction. Thus, Lerma's sentence was not affected by a "Booker" error or a Sixth Amendment violation. See Booker, 125 S. Ct. at 750, 769.

Sentencing a defendant pursuant to a mandatory Guidelines scheme, without an accompanying Sixth Amendment violation, constitutes "Fanfan" error. See United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005). Fanfan error is subject to the same plain error analysis set forth by this court in United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517), for Booker error.

United States v. Martinez-Lugo, __ F.3d__, No. 04-40478, 2005 WL 1331282, at *2 (5th Cir. June 7, 2005). To the extent that Lerma urges that Mares was wrongly decided, that argument is unavailing. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).

Under the Mares analysis, Lerma has met the first two prongs of the plain error test because Fanfan error is "error" that is "plain." See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005). To meet the third prong of the analysis and show that the error affected his substantial rights, Lerma bears the burden of showing "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at 520-21.

Review of the sentencing hearing reflects that Lerma cannot make the required showing. The district court made no statements indicating that it would impose a lesser sentence if it was not bound by the guidelines. The district court's comment that the guidelines are sometimes harsh and its imposition of a sentence at the bottom of the applicable guideline range do not demonstrate that the sentence affected Lerma's substantial rights. See United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). Accordingly, the judgment of the district court is AFFIRMED.