United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40805
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE NIEVES-ALVAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-103-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We affirmed the judgment of conviction and sentence of

Guadalupe Nieves-Alvarez ("Nieves").  United States v. Nieves-

Alvarez, No. 04-40805 (5th Cir. Dec. 17, 2005)(unpublished).  The

Supreme Court vacated and remanded for further consideration in

light of United States v. Booker, 125 S. Ct. 738 (2005).  See de

la Cruz-Gonzalez v. United States, 125 S. Ct. 1995 (2005).  We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requested and received supplemental letter briefs addressing the impact of Booker.

Nieves argues that his sentence should be vacated because the district court sentenced him under a mandatory Guidelines scheme in violation of Booker. He argues that he should not be required to show plain error because the district court's error was "structural" and should be presumed prejudicial.

The district court erred by imposing a sentence pursuant to a mandatory application of the Sentencing Guidelines. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v. Mares, 402 F.3d 511, 520-21 & n.9. (5th Cir. 2005), petition for cert. filed, (Mar. 31, 2005) (No. 04-9517). However, Nieves must establish that the error was "sufficient to undermine confidence in the outcome [of the case]." Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005) (internal quotation marks and citations omitted). Nieves cannot make such a showing because the record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory Guidelines scheme. Although the district court sentenced Nieves to the lowest end of the Guidelines range, it did so without comment. In the absence of a showing that his sentence likely would have been different had the Sentencing Guidelines been advisory, Nieves cannot establish plain error. Accordingly, we conclude that nothing in the Supreme Court's

<u>Booker</u> decision requires us to change our prior affirmance in this case.  We therefore reinstate our judgment affirming the defendant's conviction and sentence.

AFFIRMED.