United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40191
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN HENRY HARRIS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1307-1
---------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:*

John Henry Harris appeals the 18-month sentence imposed
following entry of his guilty plea to a charge of transportation
of an undocumented alien within the United States by means of a
motor vehicle for private financial gain.  Harris asserts for the
first time that under United States v. Booker, 125 S. Ct. 738
(2005), he was sentenced in violation of his constitutional
rights based on facts that were not admitted and that were not
found by a jury.  In addition, he contends for the first time

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his sentence, which was imposed pursuant to a mandatory Sentencing Guideline scheme, constituted plain error.

Harris argues that the errors made at sentencing affected his substantial rights. He asserts that the district court's statement at sentencing, that it "would love to find a way to [make an adjustment based on] aberrant conduct" demonstrates that the errors affected the outcome of the proceedings.

We review Harris's contentions for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, (Mar. 31, 2005) (No. 04-9517). To establish plain error, Harris must identify an error that is obvious and that affects his substantial rights. See Mares, 402 F.3d at 520. If Harris makes this showing, we may exercise our discretion to notice a forfeited error if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and internal quotations omitted).

In Booker, the Supreme Court determined that the system of enhancements established by the United States Sentencing Guidelines violated the Sixth Amendment and reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable

doubt." Booker, 125 S. Ct. at 749-50, 756. The Court also excised from the Sentencing Reform Act the mandatory duty of district courts to apply the Federal Sentencing Guidelines and effectively rendered the Guidelines advisory. See id. at 764.

Although Harris has established obvious error, he must still demonstrate that the error "affected the outcome of the district court proceedings." Valenzuela-Quevedo, 407 F.3d at 733 (internal quotation marks and citation omitted). He must show that "the sentencing judge -- sentencing under an advisory scheme rather than a mandatory one -- would have reached a significantly different result." See Mares, 402 F.3d at 521-22.

Harris has not made the required showing. A review of the record indicates that the district court's statement was not a comment concerning its dissatisfaction with the inflexibility of the pre-Booker mandatory Sentencing Guidelines, nor was the statement an expression of the district court's desire to sentence Harris to a lesser term of imprisonment. Before imposing sentence, the district court explained that a departure based on aberrant conduct did not apply in Harris's case. The district court stated that although it was denying Harris a departure, it was willing to sentence Harris at the bottom of the Guideline range.

Harris has not shown that the errors that occurred at sentencing "affected the outcome" of the proceedings. Valenzuela-Quevedo, 407 F.3d at 733 (internal quotation marks and

citation omitted); see United States v. Bringier, 405 F.3d 310, 318 & n.4 (5th Cir. 2005). Harris has not shown that the district court, sentencing in a post-Booker proceeding, would have reached a "significantly different result." Mares, 402 F.3d at 521-22. Accordingly, Harris has not established plain error, and his sentence is AFFIRMED. Harris's motion for expedited consideration is DISMISSED AS MOOT.

AFFIRMED; MOTION DISMISSED.