United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40477
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

VICENTE SEPULVEDA-RODRIGUEZ,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-837-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

     Vicente Sepulveda-Rodriguez appeals the sentence imposed
following his guilty-plea conviction of possessing with the
intent to distribute cocaine.  Although Sepulveda-Rodriguez
signed a waiver-of-appeal provision as part of his written plea
agreement, we pretermit discussion of the validity of that waiver
because Sepulveda-Rodriguez is not entitled to relief.

     For the first time on appeal, Sepulveda-Rodriguez argues
that the district court erred by sentencing him to the mandatory

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ten-year minimum term of imprisonment set forth in 21 U.S.C. § 841(b)(1)(A). He contends that the Supreme Court's opinion in United States v. Booker, 125 S. Ct. 738 (2005), rendered discretionary a sentencing court's application of the minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A) and the "safety valve" provision set forth in 18 U.S.C. § 3553(f). However, Booker is silent as to those issues, and Sepulveda-Rodriguez has cited no other authority for his argument. Sepulveda-Rodriguez has not shown error.

Also for the first time on appeal, Sepulveda-Rodriguez argues that the district court erred when it sentenced him pursuant to the mandatory United States Sentencing Guidelines scheme held unconstitutional in Booker. Application of the Guidelines in their mandatory form constitutes error that is plain. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). However, the district court's error did not affect the outcome of the sentencing proceedings. As Sepulveda-Rodriguez has not shown that the district court's error affected his substantial rights, he has not established reversible plain error. See id. at 733-34.

The judgment of the district court is AFFIRMED.