United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40529
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT G. BRITTON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CR-16-3-DF-CMC
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Robert G. Britton appeals the consecutive 48-month sentences imposed following entry of his guilty pleas to two counts of use of a communication facility to facilitate a drug transaction in violation of 21 U.S.C. § 843(b). Relying on United States v. Booker, 125 S. Ct. 738 (2005), Britton contends that the district court plainly erred when it sentenced him pursuant to a mandatory application of the Sentencing Guidelines. Alternatively, Britton asserts that the error is not harmless.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Britton did not object on these grounds in the district court, our review is for plain error only. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). Britton bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

In order to establish that the error in his case affects substantial rights, Britton must show that the district court would have reached a significantly different result under an advisory Guidelines system. Id. at 521. Britton has failed to point to anything in the record indicating that the same sentence would not have been imposed had the district court known that the Sentencing Guidelines were advisory. Given the lack of any indication in the record that the district court would have reached a different conclusion, Britton has failed to establish reversible plain error. See id. at 520-22.

AFFIRMED.