United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51012
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOHN STEVEN HAMM,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-22-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     John Steven Hamm appeals his sentence following his

conviction for one charge of being a felon in possession of a

firearm.  Hamm argues that the district court erred in

determining that he should be held responsible for eight firearms

and, concomitantly, that his base offense level should be

increased by four levels pursuant to U.S.S.G. § 2K2.1(b)(1)(B).

The district court's findings on this issue are plausible in

light of the record as a whole.  See United States v. Villanueva,

--------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).  Consequently, Hamm has not shown that the district court's imposition of the disputed adjustment was erroneous.  See id.

Hamm also contends that he was entitled to a reduction for acceptance of responsibility if this court concludes that he should not have received the § 2K2.1(b)(1)(B) adjustment.  Because we reject Hamm's argument concerning the § 2K2.1(b)(1)(B) adjustment, we concomitantly reject his argument concerning acceptance of responsibility.

Hamm's final contention is that he should have received an adjustment to his base offense level under the sporting purposes exception of U.S.S.G. § 2K2.1(b)(2).  Hamm has not carried his burden of establishing that his possession of a firearm was for lawful purposes only.  See United States v. Shell, 972 F.2d 548, 552 (5th Cir. 1992).  Consequently, he likewise has not shown error, much less plain error, in connection with his argument that he was entitled to the § 2K2.1(b)(2) reduction.  See id.; see also United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005).

Hamm has shown no error in the judgment of the district court.  That judgment is thus AFFIRMED.