United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20897
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANTHONY YOUNG

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-233-1
---------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Anthony Young appeals his 15-month sentence for marriage fraud. Citing United States v. Booker, 543 U.S. 220 (2005), he argues that the district court erred in increasing his criminal history based on its conclusion that, at the time of his offense, he had been released from custody for less than two years and was on parole. Young also argues that the district court committed Fanfan error when it sentenced him pursuant to a mandatory guidelines system. Because we conclude that the district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed <u>Fanfan</u> error when it sentenced Young pursuant to a mandatory guidelines system, <u>see</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 733 (5th Cir.) <u>cert. denied</u>, 126 S. Ct. 267 (2005), we decline to address Young's argument that the district court's factfinding amounted to <u>Booker</u> error. <u>See</u> <u>United States v. Apkan</u>, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

We review a preserved <u>Fanfan</u> challenge for harmless error. <u>United States v. Rodriguez-Mesa</u>, 443 F.3d 397, 404 (5th Cir. 2006). The Government has not met its arduous burden of demonstrating that the district court would have imposed the same sentence absent its mandatory application of the Sentencing Guidelines. <u>See</u> <u>United States v. Zamora-Vallejo</u>, ___ F.3d ___, 2006 WL 3334475, *2 (5th Cir. Nov. 17, 2006); <u>United States v. Garza</u>, 429 F.3d 165, 170 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1444 (2006). Accordingly, we VACATE Young's sentence and REMAND for resentencing.